IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Christine J.,

                Plaintiff,

                      Case No. 1:21-cv-1337-MLB

v.

Commissioner, Social Security
Administration,

                Defendant.

_____/

## OPINION & ORDER

Plaintiff Christine Jordan brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision denying her application for child's insurance benefits and supplemental security income ("SSI"). Magistrate Judge Regina Cannon issued a Report and Recommendation ("R&R") saying the Commissioner's decision should be reversed and remanded for further consideration. (Dkt. 23.) The Commissioner filed objections. The Court

adopts the R&R, reverses the Commissioner's decision, and remands for further proceedings.

## I.     Background

Plaintiff filed applications for child's insurance benefits and SSI alleging, as of November 25, 2016, she could not work due to the following conditions: bipolar disorder, borderline personality disorder, autism spectrum disorder, narcissistic personality disorder, and generalized anxiety disorder. (Dkt. 10-6 at 14.) The agency denied her application for lack of disability and refused reconsideration. (Dkt. 10-4 at 5, 10, 26, 30.) An Administrative Law Judge ("ALJ") conducted a hearing and denied Plaintiff benefits. (Dkt. 10-2 at 22-34.)

### A.     The ALJ's Opinion

The ALJ found (1) Plaintiff had not engaged in substantial meaningful activity since the alleged onset date of her disability, (2) Plaintiff had the following severe impairments: bipolar II disorder, borderline personality disorder, post-traumatic stress disorder, generalized anxiety disorder, major depressive disorder, attention deficit hyperactivity disorder ("ADHD"), asthma, and opioid dependence disorder, (3) none of Plaintiff's impairments or combination of

impairments met the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) Plaintiff had the residual functioning capacity ("RFC") to perform a full range of work at all exertional levels but with non-exertional limitations, (5) given her age, education, and residual functional capacity, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Dkt. 10-2 at 25-34.)  As part of this, the ALJ found Plaintiff could maintain an ordinary routine without special supervision. (Dkt 10-2 at 27.)  The ALJ thus concluded Plaintiff was not disabled under the Social Security Act. (Dkt. 10-2 at 34.)  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (Dkt. 10-2 at 2.)

**B.    Plaintiff's Request for Judicial Review**

Plaintiff filed an action in this Court for review of the Commissioner's decision. (Dkt. 18.)  Plaintiff contends her assigned RFC does not adequately capture her limitations because the ALJ erred in (1) finding she could sustain an ordinary routine without special supervision when Plaintiff's treating psychiatrist and other medical professionals found she could not and (2) disregarding the opinion of Michelle Lyn, whose position and qualifications are unknown.  (Dkt. 18 at 22-24.)

### C.    Magistrate Judge Cannon's R&R

Magistrate Judge Cannon concluded substantial evidence does not support the ALJ's RFC finding that Plaintiff can sustain an ordinary routine without special supervision.  (Dkt. 23 at 12-13.)  The Magistrate Judge determined the ALJ erred in failing to explain the evidence she considered or the basis for discounting several witnesses' opinions that Plaintiff requires special supervision to sustain an ordinary routine.  (*Id.*)  The Commissioner filed objections to the R&R.  (Dkt. 25.)

## II.    Standard of Review

### A.    Denial of Social Security Benefits

A district court reviews de novo the legal principles upon which the Commissioner's final disability decision is based but reviews the resulting decision only for substantial evidence in the record. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018.)  "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  A court may not decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Id.*

A district court must "make a de novo determination of those portions of [an R&R] to which objection is made." 28 U.S.C. § 636(b)(1). Such objections "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020); *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."). Ultimately, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Commissioner filed objections, and the Court conducted the necessary de novo review.

## III. Discussion

A claimant's RFC assesses the most a claimant can do despite her impairments. 20 C.F.R. § 416.945(a)(1). The ALJ uses the RFC to determine whether the claimant is disabled. 20 C.F.R. § 416.920. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including statements by medical sources. 20 C.F.R. § 416.945(a)(3). For claims filed after March 27, 2017 (like the one at issue

here), the ALJ need not defer or grant special weight to any medical opinions or prior administrative medical findings, including to those of the treating physician. 20 C.F.R. § 416.920c(a). Still, the ALJ must "articulate how [she] considered the medical opinions and prior administrative medical findings in [the record]." 20 C.F.R. § 416.920c(a).

To properly consider medical opinions or prior administrative medical findings, the ALJ must assess five factors: (1) supportability, (2) consistency with other medical and non-medical sources, (3) the relationship between the medical source and the claimant, (4) the specialization of the medical source, and (5) other factors, including evidence showing that a medical source has familiarity with the other evidence in the claim or an understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 416.920c(c). The factors of supportability and consistency are the most important in determining the persuasiveness of medical opinions or prior administrative medical findings. 20 C.F.R. § 416.920c(b). The ALJ must explain how he or she considered the supportability and consistency factors in a decision but need not elaborate on the other factors. 20 C.F.R. § 416.920c(b).

6

The ALJ's failure to provide a reviewing court sufficient reasoning for his or her ruling, such that the court cannot determine whether the proper legal analysis has been conducted, mandates reversal. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). If the ALJ does not discuss pertinent elements of a physician's medical opinion, or the ALJ's conclusions suggest he or she did not consider those elements, a court cannot determine whether the ALJ's conclusion is supported by substantial evidence. *Winschel,* 631 F.3d at 1179. When the ALJ fails to "state with at least some measure of clarity the grounds for his [or her] decision," courts decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam).

## A.    Plaintiff's Need for Special Supervision

The ALJ found Plaintiff "can sustain an ordinary routine without special supervision." (Dkt. 10-2 at 13, 27.) Magistrate Judge Cannon concluded substantial evidence does not support that finding because the ALJ failed to explain the evidence she considered or the basis for discounting several witnesses' opinions that Plaintiff requires special supervision to sustain an ordinary routine. (Dkt. 23 at 12-13.) In

particular, Magistrate Judge Cannon noted (1) Plaintiff's psychiatrist Dr. Kambiz Aflatoon found Plaintiff could not, by competitive standards, sustain an ordinary routine without special supervision, (2) Dr. Ralph Allsopp, a consultative examiner, found Plaintiff would likely require reminders for information after several minutes or hours, (3) Dr. Robert Koontz opined that Plaintiff required supervision to maintain an ordinary routine, (4) Corwin DeMattos found Plaintiff needed supervision or frequent redirection due to her ADHD, and (5) Michelle Lyn, an agency reviewer of uncertain qualifications, opined that Plaintiff required supervision to maintain an ordinary routine. (*Id.*)

The Commissioner objects, arguing (1) Dr. Koontz's opinion does not suggest Plaintiff requires special supervision, and (2) the ALJ properly found Dr. Aflatoon's and Dr. Allsopp's opinions were unpersuasive. (Dkt. 25 at 12; 6-10; 3-5.) The Court considers the relevant medical sources.

### 1.   **Dr. Kambiz Aflatoon**

Dr. Kambiz Aflatoon assessed Plaintiff and concluded she did not meet competitive standards in her ability to maintain attention for a two-hour segment or in her ability to sustain an ordinary routine without

special supervision.   (Dkt. 10-12 at 220.)   The ALJ cited neither conclusion.   She did, however, cite several of Dr. Aflatoon's other opinions.  The ALJ then concluded Dr. Aflatoon's opinion "regarding the claimant being seriously limited to no useful ability to function except as it relates to complex tasks and interacting with the public" to be unpersuasive.  (Dkt. 10-2 at 30.)  In reaching this conclusion, the ALJ determined Dr. Aflatoon's assessments are "not supported by the doctor's own treatment records which often show no speech or language issues." (*Id*.)   The ALJ also cited Dr. Aflatoon's treatment records showing Plaintiff had no suicidal or homicidal thoughts or other thought disorder as well as entries showing she had intact judgment, cognitive ability, and normal memory.  (*Id*.)

The Magistrate Judge found the evidence cited by the ALJ (like Plaintiff's lack of language issues and lack of suicidal and homicidal thoughts) irrelevant to the issue of whether Plaintiff could sustain an ordinary routine without special supervision.  (Dkt. 23 at 15.)   The Magistrate Judge properly recognized Plaintiff's ability to concentrate would be relevant to an assessment of her ability to sustain an ordinary

routine.[1]   (Dkt. 23 at 14-16.)   The Magistrate Judge also noted Dr. Aflatoon prescribed Plaintiff ADHD medication, which suggests he considered Plaintiff's ADHD symptoms severe enough to warrant medication.   (*Id.* at 14-15.)   The Commissioner argues that, in her treatment of Dr. Aflatoon's testimony, the Magistrate Judge improperly re-weighed the evidence and improperly considered out-of-record evidence on ADHD medication.   (Dkt. 25 at 5-7.)

The Court agrees the Magistrate Judge's discussion of ADHD medication is improper as it suggests a re-weighing of evidence.   But, the Court need not re-weigh evidence to agree with the Magistrate Judge's ultimate conclusion.   The applicable regulations require the ALJ to "articulate how [she] considered the medical opinions and prior administrative medical findings in [Plaintiff's] claim." 20 C.F.R. § 416.920c(a).   Here, the ALJ generalized Dr. Aflatoon's findings into a single, overbroad conclusion that Plaintiff is seriously limited to no useful ability to function.   She then found the doctor's treatment notes

---

[1] The Magistrate Judge found Dr. Aflatoon did not make a specific finding regarding Plaintiff's ability to concentrate.   But Dr. Aflatoon did conclude that Plaintiff could not remain focused for a two-hour period.   (Dkt. 10-12 at 220.)

contradict that conclusion.  As a result of these generalizations, the Court cannot discern which parts of the record the ALJ used to discredit Dr. Aflatoon's conclusion that Plaintiff would require special supervision to maintain an ordinary routine.  *See Keeton,* 21 F.3d at 1066.  The ALJ's citation to the lack of suicidal or homicidal ideation, absence of speech problems or language issues, failure to exhibit psychiatric problems or symptoms, and overall intact cognitive ability certainly did not explain her basis for rejecting Dr. Aflatoon's finding that claimant was seriously limited in her ability to remember work-like procedures or in her ability to carry out very short and simple instructions.  And while intact judgment and memory—two other notations cited by the ALJ—are necessary for one to maintain an ordinary routine, they are not sufficient. If Dr. Aflatoon's finding in respect to Plaintiff's ability to concentrate is true, then Plaintiff could likely not maintain an ordinary routine even with intact judgment and memory.[2]  It is not this Court's role to re-weigh the evidence, but it is the ALJ's job to adequately explain her conclusion.

---

[2] As noted by the Magistrate Judge, treatment notes from medical providers at Viewpoint Health also concluded that Plaintiff struggles with concentration.  (Dkt. 23 at 16.; Dkt 10-11 at 389.)

*Owens*, 748 F.2d at 1516.   Given the ALJ's scarce treatment of Dr. Aflatoon's opinion—that runs directly contrary to the ALJ's conclusion— this Court cannot find the ALJ's opinion is supported by substantial evidence, at least in this regard.[3]

### 2.   Dr. Ralph Allsopp

Consultive examiner Dr. Ralph Allsopp performed a psychological examination on Plaintiff.  (Dkt. 10-16 at 311-16.)  He concluded Plaintiff "will likely require reminders for information after several minutes or hours." (Dkt. 10-16 at 316.)  The Magistrate Judge found that, while the ALJ specifically disagreed with some aspects of Dr. Allsopp's opinion, the

---

[3] The Court acknowledges an ALJ is not required to discuss every single medical opinion issued by a medical source.  20 C.F.R. § 416.920c(b).  But in this case, the ALJ's generalization of Dr. Aflatoon's findings—then refuted by discrete portions of the medical record that do not address specific, pertinent findings on supervision or concentration—prevents the Court from understanding the grounds for the ALJ's decision "with at least some level of clarity."  *Owens*, 748 F.2d at 1516.  The ALJ specifically found that Plaintiff did not require special supervision, yet she did not directly address many relevant, specific medical opinions that suggest elsewise, including Dr. Aflatoon's opinion.  Given the ALJ's specific opinion on supervision, the Court requires some level of direct engagement with the specific, contrary evidence.  Only then can the Court understand the ALJ's decision with "some level of clarity."

ALJ did not explain why she thought Plaintiff could sustain an ordinary routine despite Plaintiff's need for reminders.  (Dkt. 23 at 16.)[4]  The Commissioner responds that the ALJ found Dr. Allsopp's opinion unpersuasive because it contravened objective medical evidence (Dkt. 25 at 11-13.)

The Court agrees with the Magistrate Judge: the ALJ never explained whether or how she considered Dr. Allsopp's finding that Plaintiff would likely need frequent reminders.[5]  Rather, the ALJ

[4] The relevant regulations state that when a medical source provides multiple medical opinions or prior administrative medical findings, the ALJ must articulate how she considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis.  20 C.F.R. § 416.920c(b).  She need not articulate how she considered each medical opinion or prior administrative medical finding from one medical source individually.  20 C.F.R. § 416.920c(b).  No party in this case has raised the extent of the ALJ's duty to engage individual findings, and the Court is disinclined to analyze it sua sponte.  The Court just notes that—although the ALJ need not assess every medical finding individually—a failure to engage medical findings inconsistent with the ALJ's conclusion may be reversible error if it prevents the Court from finding substantial evidence.

[5] The Commissioner also argues Dr. Allsopp's finding Plaintiff would require reminders "after several minutes or hours" is equivocal because there is a significant difference between needing reminders every few minutes versus every few hours. (Dkt. 25 at 12.)  While the Court agrees, the ALJ must still discuss all pertinent medical opinions. *Winschel,* 631 F.3d at 1179.  As requiring reminders every few minutes would suggest

dismissed Dr. Allsopp's conclusion that Plaintiff cannot cope with even low levels of stress as inconsistent with the record and added that, because Dr. Allsopp only examined Plaintiff once, his findings are not a reflection of Plaintiff's longitudinal functioning.  (Dkt. 10-2 at 31.)  Yet, it is Dr. Allsopp's finding on the Plaintiff's need for constant reminders that conflicts with the ALJ's finding that Plaintiff can work without special supervision.  The Court thus cannot determine whether and how the ALJ weighed Dr. Allsopp's opinion in concluding Plaintiff would not require special supervision.  *See Winschel*, 631 F.3d at 1179; *Owens*, 748 F.2d at 1516.  *See also Barrick v. Comm'r of Soc. Sec.*, 2022 WL 3362915 at *8 (N.D. Ohio July 29, 2022) (finding that, when rejecting a particular opinion, the ALJ is "not entitled to ignore the remaining opinions offered by the medical source").  Again, the Court cannot assess whether the ALJ's conclusion is based on substantial evidence. *Winschel*, 631 F.3d at 1179; *Owens*, 748 F.2d at 1516.  Despite the Commissioner's plausible explanation for the ALJ's treatment of Dr. Allsopp, the Court cannot

---

a need for special supervision, a fact acknowledged by the Commissioner, Dr. Allsopp's finding is pertinent.

affirm "simply because some rationale might have supported the ALJ's conclusion." *Id.*

### 3.   Dr. Robert Koontz and Michelle Lyn

In October 2019, Michelle Lyn, an agency reviewer of unknown qualifications, performed a Mental Residual Functional Capacity Assessment on Plaintiff.  (Dkt. 10-3 at 37-39.)[6]  In February 2020, Dr. Robert Koontz performed the same assessment.  (Dkt. *Id.* at 79-82.)  As Ms. Lyn's and Dr. Koontz's conclusions were identical, the Court considers them jointly.  Ms. Lyn and Dr. Koontz each found Plaintiff not significantly limited in her ability to sustain an ordinary routine without special supervision.  (*Id.* at 37, 80.)  But, in the "additional explanations" portion of the assessment, both commented that Plaintiff "is able to perform regular work-related duties but requires supervision to maintain an ordinary routine."  (*Id.* at 38-39, 81.)  Both assessments also found Plaintiff can maintain attention for a two-hour period but would have

---

[6] As Ms. Lyn's qualifications are unclear, the Court cannot confidently refer to her as a "medical source."  Given that Ms. Lyn's findings are identical to those of Dr. Koontz, the Court considers Ms. Lyn's opinion together with Dr. Koontz's.  But by doing so, the Court is not finding that Ms. Lyn's opinion constitutes medical opinion.

Case 1:21-cv-01337-MLB   Document 27   Filed 09/26/22   Page 16 of 22


moderate difficulty with concentration over the course of an eight-hour workday. (*Id*.) The ALJ did not acknowledge either of these findings by Dr. Koontz but focused on several of his other findings. (Dkt. 10-2 at 32.) The ALJ did not acknowledge Ms. Lyn's assessment whatsoever. (*Id*. at 24-34.)

The Magistrate Judge pointed out that, in some respects, the ALJ found Plaintiff more limited than Dr. Koontz's opinion suggested. (Dkt. 23 at 13.) Yet the ALJ failed to explain why she did not adopt the supervision or concentration limitation. (Dkt. 23 at 13.) The Commissioner argues the ALJ's lack of acknowledgment of the supervision limitation was not erroneous because Dr. Koontz and Ms. Lyn found Plaintiff is not significantly limited in her ability to sustain an ordinary routine without special supervision. (Dkt. 25 at 4-5.) It argues that Dr. Koontz's and Ms. Lyn's subsequent findings, that Plaintiff "is able to perform regular work-related duties but requires supervision to maintain an ordinary routine," refers to ordinary rather than special supervision. (Dkt. 25 at 4-5.) In other words, they say she can work just fine with ordinary supervision and thus does not need "special supervision."

The Commissioner may or may not be correct in distinguishing between ordinary and special supervision.  Or maybe the specificity of the "additional explanation" controls over the prior form answer, meaning the additional explanation Plaintiff can only maintain concentration for "brief two-hour periods" and that she "can perform regular work related duties but requires supervision to maintain an ordinary routine" means she needs more than ordinary supervision.  It remains the ALJ's duty to articulate how she considered the medical evidence.  20 C.F.R. § 416.920c(a).  If the ALJ does not explain how or whether she considered pertinent medical findings, the Court cannot assess whether the ALJ's decision is supported by substantial evidence. *See Winschel*, 631 F.3d at 1179; *Owens,* 748 F.2d at 1516.  Despite the Commissioner's plausible explanation for the ALJ's treatment of Dr. Koontz, the Court cannot affirm "simply because some rationale might have supported the ALJ's conclusion." *Id*.  The ALJ's complete failure to address the issue precludes the Court from assessing whether her conclusion is supported by substantial evidence.  Further, if Ms. Lyn is a state-agency medical or psychological consultant, then the ALJ must consider her opinion as expert testimony and may not ignore her opinion.

*Cruz v. Comm'r of Soc. Sec. Admin.*, 406 F. Supp. 3d 1337, 1340 (M.D. Fla. 2019).

### 4.    NP Corwin DeMattos

Finally, Corwin DeMattos evaluated Plaintiff.  (Dkt. 10-2 at 41-46.) As to Plaintiff's ADHD symptoms, DeMattos concluded Plaintiff needs frequent supervision or redirection and has a short attention span.  (*Id.* at 41.)  As the Magistrate Judge pointed out, the ALJ's decision does not acknowledge DeMattos' opinion.  (Dkt. 23 at 17.)  Yet again, the Court cannot determine whether the ALJ properly considered DeMattos' opinion before finding that Plaintiff would require no special supervision. Further, ignoring a medical source—as the ALJ did with NP DeMattos— is error in and of itself. *See* 20 C.F.R. § 404.1520c.

## 5.    Analysis

The ALJ specifically found Plaintiff can maintain an ordinary routine without special supervision.  (Dkt. 10-2 at 27.)  Yet, there are four or five medical sources that either explicitly state or suggest Plaintiff requires (special) supervision to maintain an ordinary routine.[7]  The ALJ failed to mention two of them (DeMattos and Ms. Lyn).  For two others (Dr. Koontz and Dr. Allsopp), the ALJ assessed parts of their opinions but did not acknowledge the findings most relevant to Plaintiff's need for special supervision.   And for the final source (Dr. Aflatoon), the ALJ acknowledged some of the doctor's specific opinions but then combined all of them into a general conclusion that the ALJ rejected (potentially) on irrelevant and unsupported grounds.[8]

---

[7] As Ms. Lyn's qualifications are unclear, this Court hesitates to refer to her as a "medical source" and hedges on the number of such sources.

[8] As the R&R explains, portions of Plaintiff's subjective testimony at the ALJ hearing also suggest that Plaintiff would require special supervision.  (Dkt. 23 at 17-18.)  Plaintiff testified that she struggles to remember details and has trouble concentrating on simple tasks.  (Dkt. 10-2 at 62.)  The inconsistency between Plaintiff's testimony and the ALJ's conclusion further demonstrates the need for the ALJ to clearly explain how and why she disregarded the four or five relevant medical opinions.

The Court cannot find the ALJ's opinion is supported by substantial evidence. The ALJ had the duty to "articulate how [she] considered the medical opinions and prior administrative medical findings in [Plaintiff's] claim." C.F.R. § 416.920c(a). By failing to mention two sources that support a supervision limitation—DeMattos and Ms. Lyn— the ALJ has not met her duty. C.F.R. § 416.920c. In respect to the opinions of Dr. Aflatoon, Dr. Allsopp and Dr. Koontz, the ALJ did not discuss pertinent elements of the doctors' medical opinions—the elements suggesting Plaintiff is limited in her ability to maintain an ordinary routine without supervision. *Winschel*, 631 F.3d at 1179. Finally, in the ALJ's treatment of all of Dr. Aflatoon's findings as one generalized conclusion, the ALJ did not provide the Court with sufficient reasoning for her ruling. The Court thus cannot determine whether the proper legal analysis was conducted. *Keeton*, 21 F.3d at 1066. Without any engagement with the medical evidence that challenges the ALJ's conclusion on Plaintiff's need for supervision, the Court cannot find that the ALJ's conclusion is supported by "a scintilla" of evidence. *Winschel*, 631 F.3d at 1178.

**B.**     **Treatment of Ms. Lyn's Opinion**

Plaintiff contends the ALJ's failure to weigh Ms. Lyn's opinion in her decision is an "error in and of itself." (Dkt. 18 at 22.)  Whether or not a failure to weigh an opinion of uncertain nature is reversible error, this Court agrees with the Magistrate Judge that the uncertainty surrounding Ms. Lyn's qualifications supports reversal in this case. (Dkt. 23 at 18-19.)  Given the ambiguities surrounding the ALJ's finding that Plaintiff would not require special supervision, and the consistency between Ms. Lyn's opinion and those of Dr. Aflatoon, Dr. Allsopp, Dr. Koontz and NP DeMattos, this Court cannot not ignore the omission of Ms. Lyn's credentials.  The ALJ should have addressed and resolved the issue.

## IV.   Conclusion

Having reviewed the record de novo, the Court **OVERRULES** Defendant's Objections (Dkt. 25) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 23.)   The decision of the Commissioner of the Social Security Administration is **REVERSED**, and this case is **REMANDED** for reconsideration.  On remand, the ALJ must (1) consider the medical opinions and prior administrative medical

findings, including Ms. Lyn's opinion if she is a medical or psychological consultant; (2) articulate how she considered the medical opinions and administrative medical findings; and (3) if she finds that limitations in those opinions are not warranted, sufficiently explain why she discounted them and support that explanation with substantial evidence.

**SO ORDERED** this 26th day of September, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE